**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ESTATE OF WILLIAM D. PILGRIM; et al.,<br><br>        Plaintiffs-Appellants,<br><br> v.<br><br>GENERAL MOTORS LLC,<br><br>        Defendant-Appellee. | No. 20-56073<br><br>D.C. No.<br>2:15-cv-08047-JFW-E<br><br>MEMORANDUM* |
| MARC ADAMS; et al.,<br><br>        Plaintiffs-Appellants,<br><br> and<br><br>ESTATE OF WILLIAM D. PILGRIM; et al.,<br><br>        Plaintiffs,<br><br> v.<br><br>GENERAL MOTORS LLC,<br><br>        Defendant-Appellee. | No. 20-56290<br><br>D.C. No.<br>2:15-cv-08047-JFW-E |

---

        *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted December 6, 2021
Pasadena, California

Before:  W. FLETCHER, RAWLINSON, and OWENS, Circuit Judges.

Seventeen California plaintiffs (collectively, "Plaintiffs") appeal the district court's grant of summary judgment to the defendant, General Motors LLC ("New GM"), on all of Plaintiffs' claims.  Plaintiffs purchased Chevrolet Corvette Z06s manufactured by New GM's now-bankrupt predecessor.  They allege that valve guides in the vehicles' LS7 engines contained design and manufacturing defects that caused damages.  The district court issued a Minute Order striking Plaintiffs' class allegations and Motion for Class Certification as untimely.  It then granted New GM's motion for summary judgment on Plaintiffs' remaining claims for negligence, fraudulent concealment, negligent failure to warn, violation of the California Consumer Legal Remedies Act, violation of the California Unfair Competition Law, and violation of the Song-Beverly Consumer Warranty Act on a variety of grounds.

Plaintiffs' appeals from both the district court's class certification and summary judgment rulings are before this panel. We affirm the district court's grant of summary judgment to New GM on all of Plaintiffs' individual claims. We therefore do not reach the class certification issue.

Summary judgment to New GM was appropriate because Plaintiffs have failed to produce admissible evidence that their vehicles actually contained the alleged valve guide defects. To survive a motion for summary judgment, a plaintiff must provide evidence "such that a reasonable juror drawing all inferences in favor of the [plaintiff] could return a verdict in [her] favor." *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted). A plaintiff may not rely solely on mere "[c]onclusory statements without factual support." *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008). In addition, "[a] trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

Here, Plaintiffs do not meet this threshold requirement. As they concede, the only evidence of defect they provide is expert declarations. However, none of these declarations is admissible. Under Federal Rule of Civil Procedure 37(c)(1), a party that fails to provide a required expert disclosure "is not allowed to use that . . . witness to supply evidence on a motion . . . unless the failure was substantially

justified or is harmless." Fed. R. Civ. P. 37(c)(1). Because Plaintiffs failed to timely serve disclosure of expert witnesses as required under Federal Rule of Civil Procedure 26(a)(2)(B), their expert declarations are not admissible. Those same experts cannot be used as rebuttal experts because rebuttal testimony refers "solely" to evidence "intended . . . to contradict or rebut" other expert testimony. Fed. R. Civ. P. 26 (a)(2)(D)(ii). Because New GM produced no admissible expert testimony to rebut, Plaintiffs' expert declarations are not admissible as rebuttal evidence.

**AFFIRMED.**